SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, CA SBN 90478 (Pro Hac Vice)
  Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: (702) 382-6440
Fax Number: (702) 384-9102

Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

**Electronically Filed: October 23, 2013**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>           Debtor.<br><br>Affects:<br>☒ All Debtors<br><br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>           Plaintiff,<br><br>v.<br><br>COMPASS USA SPE, LLC, a Delaware Limited Liability Company; PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company<br><br>           Defendants. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>ADV. CASE NO.<br><br>**COMPLAINT FOR CONSTRUCTIVE TRUST; FOR TURNOVER; TO AVOID OR VOID TRANSFER**<br><br>Ctrm:  RCJ - Courtroom 6<br>       Bruce R. Thompson Federal Building<br>       400 S. Virginia Street<br>       Reno, NV 89501<br>Judge: Hon. Robert C. Jones |

357464-v1

Plaintiff William A. Leonard, Jr., as chapter 7 trustee of debtor Asset Resolution, LLC ("ARC" or "Asset Resolution") (case number 09-32824) and as trustee of debtor HFAH Monaco SPE, LLC ("Monaco") (case number 09-32868) alleges:

## JURISDICTION AND PARTIES

1. This case was commenced on October 14, 2009 when ARC, Monaco, and related debtors filed, in the United States Bankruptcy Court for the Southern District of New York, voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2. Venue of the bankruptcy cases was subsequently transferred to the United States Bankruptcy Court for the District of Nevada.

3. Thereafter, this Court issued its order withdrawing the reference of these cases and the cases and related proceedings are now proceeding in the United States District Court for the District of Nevada.

4. On or about January 29, 2010, this Court entered its order, *nunc pro tunc*, converting the chapter 11 cases to cases under chapter 7. Thereafter William A. Leonard, Jr. ("trustee") was appointed as the chapter 7 trustee of the debtors' estates and the Trustee is now the duly qualified and acting chapter 7 trustee of the estates, administering the estates for the benefit of creditors, and brings this action in that capacity.

5. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to §§541, 542, 362(a), and 549 of the bankruptcy code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

6. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (K). This action relates to the bankruptcy cases *In Re Asset Resolution, LLC*, Case No: BK-S-09-32824-RCJ (lead case) now pending in the United States Bankruptcy Court for the District of Nevada.

7. Plaintiff is informed and believes and thereon alleges that defendant Compass USA SPE, LLC ("Compass") is a Delaware limited liability company.

8. Plaintiff is informed and believes and thereon alleges that defendant Platinum Financial Trust, LLC ("Platinum") is an Indiana limited liability company.

///

- 2 -

357464-v1

BACKGROUND FACTS

9. Plaintiff is informed and believes and thereon alleges that on or about December 19, 2003, HFAH Monaco, LLC, a Florida limited liability company, as borrower, made, executed and delivered to USA Capital Diversified Trust Deed Fund, LLC, a Nevada limited liability company, as lender, its promissory note of said date and in the original face amount of $4 million.

10. Plaintiff is informed and believes and thereon alleges that the promissory note was secured by that certain Mortgage, Security Agreement and Assignment of Rents dated December 19, 2003, which mortgage encumbered that certain real property situated in the City of Ft. Myers, Lee County, State of Florida and more particularly described in Exhibit A attached hereto and incorporated herein by reference (the "Property").

11. Plaintiff is informed and believes and thereon alleges that in or near February 2007 USA Capital Diversified Trust Deed Fund, LLC assigned all of its right, title and interest in the promissory note and mortgage to Compass.

12. Compass' acquisition of USA Capital Diversified Trust Deed Fund, LLC's interest in the promissory note and mortgage as well as its acquisition of a number of other assets from the fund and/or its affiliates was funded by Silar Advisers, LP ("Silar") through a Master Repurchase Agreement dated February 14, 2007. Silar contends the funding was a loan, with the purchased assets serving as security for its financing to Compass. This Court, however, has determined that under the Master Repurchase Agreement, Silar actually purchased the assets from Compass with Compass using Silar's payment to obtain the assets. In either case, Compass ultimately defaulted on its obligations to Silar and on or about September 26, 2008 Silar "foreclosed" on the Compass assets and formed Asset Resolution, the lead debtor herein, to acquire and hold title to the assets and to serve as loan servicer thereafter.

13. Plaintiff is informed and believes and thereon alleges that during the time Compass held the promissory note and trust deed HFAH Monaco, LLC defaulted under the promissory note and trust deed and title to the Property was transferred to Compass.

14. Plaintiff is informed and believes and thereon alleges that Compass formed Monaco for the express purpose of taking title to the Property.

- 3 -

357464-v1

15. Plaintiff is informed and believes and thereon alleges that the failure to transfer title to the Property from Compass to HFAH Monaco was a clerical error.

FIRST CLAIM FOR RELIEF

(Constructive Trust)

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. By reason of Silar's foreclosure under the Master Repurchase Agreement, all of Compass' right, title and interest in and to the Property transferred to ARC.

18. By reason of the foregoing, and all times relevant herein, ARC and/or Monaco have been and am the true owner of the Property, have been and now am the beneficial owner of the Property, and Compass holds, at most, bare legal title in trust for ARC and/or Monaco.

19. Plaintiff contends that the Property should be transferred to Monaco, that title to the Property should be transferred and recorded in Monaco's name, and that all right, title and interest to the Property should be held by Monaco alone and that Compass should be determined to have no right, title or interest in the Property or any of its proceeds.

SECOND CLAIM FOR RELIEF

(Turn Over – 11 U.S.C. §542)

20. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 and 17 through 19, inclusive, as though fully set forth herein.

21. Compass is currently in possession and control of assets belonging to the Monaco bankruptcy estate, to wit, the Property and the profits and proceeds thereof.

22. Plaintiff requests that pursuant to 11 U.S.C. §542 and other applicable law this Court order Compass to turn over all estate property, including but not limited to the Property and any profits or proceeds of it.

23. Plaintiff further requests the court to order Compass to grant plaintiff immediate and continuing access to, use, enjoyment, and title to the Property.

/ / /

/ / /

- 4 -

357464-v1

## THIRD CLAIM FOR RELIEF

(Avoid Transfer – Violation of 11 U.S.C. §362(a))

24. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 15, 17 through 19, and 21 through 23, inclusive, as though fully set forth herein.

25. Plaintiff is informed and believes and thereon alleges that on or about November 24, 2010, in the action entitled *USACM Liquidating Trust v. Compass USA SPE, LLC, et al.,* Adversary Number 08-01066 in the United States Bankruptcy Court for the District of Nevada, judgment was entered in favor of Debt Acquisition Company of America V, LLC against Compass and others, in the sum of $540,632.18.

26. Plaintiff is informed and believes and thereon alleges that on or about August 5, 2013 Debt Acquisition Company of America V, LLC assigned the judgment to Platinum.

27. Plaintiff is informed and believes and thereon alleges that Platinum thereafter caused the judgment to be recorded in Lee County, Florida.

28. At the time of its recording of the judgment Platinum knew, or through diligent inquiry should have known, ARC or Monaco was the true owner of the Property and Platinum is not, as to the Property, a bona fide purchaser for value.

29. Plaintiff is informed and believes and thereon alleges that by reason of the foregoing, Platinum claims to have a security interest in and to the Property.

30. Platinum's recordation of the judgment violated 11 U.S.C. §362(a) and by reason thereof the recording of the judgment is of no force or effect and is void and/or voidable.

## FOURTH CLAIM FOR RELIEF

(Avoidance of Post-Petition Transfer – 11 U.S.C. §549)

31. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 15, 17 through 19, and 21 through 23, and 25 through 30, inclusive, as though fully set forth herein.

32. The recordation of the judgment, to the extent that it has any efficacy, is an invalid and avoidable post petition transfer pursuant to 11 U.S.C. §549.

WHEREFORE, plaintiff prays for judgment as follows:

1. On the First Claim for Relief, for a judgment that all right, title and interest in and to the Property be placed in the name of Monaco, *nunc pro tunc* as of February 14, 2007;

2. On the Second Claim for Relief, for a judgment against Compass for turnover of the Property pursuant to 11 U.S.C. §542 together with any profits or proceeds thereof;

3. On the Third Claim for Relief, for a judgment against defendants declaring Platinum's recordation of the judgment to be void and/or voidable and of no force or effectuated with respect to the Property;

4. On the Fourth Claim for Relief, for a judgment avoiding the transfer affected by Platinum's recordation of the judgment;

5. On all claims for relief, for such other and further damages as are ascertained at trial and according to proof, for costs of suit incurred herein; and for such other and further relief as this Court deems just and proper.

Dated: October 23, 2013

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By:  */s/ Jonathan S. Dabbieri*
James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

- 6 -

357464-v1

**EXHIBIT A**

EXHIBIT "A"

LEGAL DESCRIPTION OF PROPERTY

PARCEL 1:

Beginning at a point of the North side of First Street 140 feet West 35 degrees South of the Southeast corner of Lot 5, Block 4, HOMESTEAD OF JAMES EVANS, according to the map or plat of said Homestead on file and recorded in the Office of the Clerk of the Circuit Court in and for Lee County, Florida, in Plat Book 1, Page 23; thence East 35 degrees North along the North side of First Street 209 feet, thence North 35 degrees West for 309 feet to the Caloosahatchee River, thence Westerly along the bank of said river for a distance of 209 feet, more or less, to a point North 35 degrees West of the point of beginning; thence South 35 degrees East to the point of beginning.

PARCEL 2:

Beginning at a point on the North side of First Street 69 feet East 35 degrees North of the Southeast corner of Lot 5, Block 4 of the HOMESTEAD OF JAMES EVANS, according to the map or plat of said homestead on file and recorded in the office of the Clerk of the Circuit Court, in and for Lee County, Florida, in Plat Book 1, Page 23, thence East 35 degrees North along the North side of First Street 75 feet, thence North 35 degrees West to the Caloosahatchee River, thence Westerly along the bank of said river to a point North 35 degrees West of the point of beginning, thence South 35 degrees East to the point of beginning.

Also:

Beginning on the North side of First Street at a point 144 feet East 34½ degrees North from the Southeast corner of Lot 5 of Block 4 of that certain subdivision known as HOMESTEAD OF JAMES EVANS, according to the map or plat thereof on file and recorded in the Office of the clerk of the Circuit Court of Lee County, Florida, in Plat Book 1, at Page 23; thence Easterly along the Northerly side of First Street a distance of 176.15 feet; thence Northwesterly at right angles to First Street a distance of 325 feet, more or less, to the Caloosahatchee River; thence Westerly along the South side of said Caloosahatchee River a distance of 176.15 feet, more or less, to a point on a line which extends from the point of beginning Northwesterly at right angles to First Street; thence Southeasterly at right angles to First Street a distance of 325 feet, more or less, to the point of beginning.

PARCEL 3:

Beginning at a point on the Northerly side of First Street 142.9 feet Westerly of the Southeast corner of Lot 5 of Block 4, of the HOMESTEAD OF JAMES EVANS, according to the map or plat of said Homestead on file and recorded in the Office of the Clerk of the Circuit Court in and for Lee County, Florida, in Plat Book 1, at Page 23; thence Easterly along the Northerly side of

26

First Street 2.9 feet; thence North 35 degrees West to the Caloosahatchee River; thence Westerly along the bank of said river a distance of 3.9 feet; thence Southerly to the point of beginning.

EXCEPTING THEREFROM:

That portion of Block 4, Homestead of James Evans, Section 13, Township 44 South, Range 24 East, City of Fort Myers, Florida, as shown on plat recorded in Plat Book 1 at Page 23, Lee County records.

Being described as follows:

From the Southeast corner of Lot 5, said Block 4 run North 58 degrees 09' 11" East along the Northerly line of First Street (60 feet wide) for 320.15 feet to the Easterly most corner of lands described in deed recorded in Official Records Book 1586 at Page 1179, Lee County Records and the Point of Beginning.

From said Point of Beginning run South 58 degrees 09' 11" West along the last mentioned course for 176.15 feet; thence run North 31 degrees 50' 49" West (perpendicular to said North line of First Street) for 283.25 feet more or less to the Mean High Water Line of the Caloosahatchee River and the Northerlymost extension of an existing seawall; thence run along said Mean High Water Line and said seawall the following courses; North 65 degrees 07' 27" East for 9.07 feet, North 19 degrees 37' 35" West for 43.26 feet, North 58 degrees 40' 08" East for 123.35 feet and North 66 degrees 45' 55" East for 35.4 feet to a point on a line bearing North 31 degrees 50' 49" West and passing through said Point of Beginning, said line being on a perpendicular to said North line of First Street; thence run South 31 degrees 50' 49" East for 318.07 feet more or less to the Point of Beginning.