**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
JOHN SAMBERG, ESQ.
Nevada Bar No. 10828
ROYI MOAS, ESQ.
Nevada Bar No. 10686
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
jsamberg@wrslawyers.com
rmoas@wrslawyers.com
 (702) 341-5200/Fax: (702) 341-5300

*Attorneys for Platinum Financial Trust, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>           Debtor.<br><br>Affects:<br><br>     ■All Debtors<br><br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>           Plaintiff,<br><br>     v.<br><br>COMPASS USA SPE, LLC, a Delaware Limited Liability Company; PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company<br><br>           Defendants. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>**ADV. CASE NO. 13-01196-rcj**<br><br>**DEFENDANT PLATINUM FINANCIAL TRUST'S ANSWER TO COMPLAINT FOR CONSTRUCTIVE TRUST; FOR TURNOVER; TO AVOID OR VOID TRANSFER**<br><br>Ctrm:    RCJ - Courtroom 6<br>             Bruce R. Thompson Federal Building<br>             400 S. Virginia Street<br>             Reno, NV 89501<br><br>Judge: Hon. Robert C. Jones |

    **COMES NOW** DEFENDANT PLATINUM FINANCIAL TRUST, LLC, a Nevada limited liability company ("Defendant"); by and through its counsel of record Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and answers and responds to the allegations in William A.

Leonard, Jr.'s complaint as chapter 7 trustee of debtor Asset Resolution, LLC ("ARC" or "Asset Resolution") (case number 09-32824) and as trustee of debtor HFAH Monaco SPE, LLC ("Monaco") (case number 09-32868), as follows:

### JURISDICTION AND PARTIES

1. As to Paragraph 1 of the Complaint, Defendant is without knowledge and as such denies the same.

2. As to Paragraph 2 of the Complaint, Defendant is without knowledge and as such denies the same.

3. As to Paragraph 3 of the Complaint, Defendant is without knowledge and as such denies the same.

4. As to Paragraph 4 of the Complaint, Defendant is without knowledge and as such denies the same.

5. As to Paragraph 5 of the Complaint, Defendant is without knowledge and as such denies the same.

6. As to Paragraph 6 of the Complaint, Defendant admits that it is a core proceeding based upon the Plaintiff's specific allegations, but denies the rest.

7. As to Paragraph 7 of the Complaint, Defendant admits.

8. As to Paragraph 8 of the Complaint, Defendant admits.

9. As to Paragraph 9 of the Complaint, Defendant is without knowledge and as such denies the same.

10. As to Paragraph 10 of the Complaint, Defendant is without knowledge and as such denies the same.

11. As to Paragraph 11 of the Complaint, Defendant is without knowledge and as such denies the same.

12. As to Paragraph 12 of the Complaint, Defendant is without knowledge and as such denies the same.

13. As to Paragraph 13 of the Complaint, Defendant is without knowledge and as such denies the same.

1   14.   As to Paragraph 14 of the Complaint, Defendant denies the same.

2   15.   As to Paragraph 15 of the Complaint, Defendant denies the same.

3 <center>ANSWERING THE FIRST CLAIM FOR RELIEF</center>

4 <center>(Constructive Trust)</center>

5   16.   As to Paragraph 16 of the Complaint, the paragraph does not contain any
6 allegations for which an answer is necessary, and as such, the Defendant hereby incorporates the
7 aforementioned responses and otherwise denies the same.

8   17.   As to Paragraph 17 of the Complaint, Defendant denies the same.

9   18.   As to Paragraph 18 of the Complaint, Defendant denies the same.

10  19.   As to Paragraph 19 of the Complaint, Defendant denies that the Court should grant
11 the relief requested.

12 <center>ANSWERING THE SECOND CLAIM FOR RELIEF</center>

13 <center>(Turnover 11 U.S.C. §542)</center>

14  20.   As to Paragraph 20 of the Complaint, the paragraph does not contain any
15 allegations for which an answer is necessary, and as such, the Defendant hereby incorporates the
16 aforementioned responses and otherwise denies the same.

17  21.   As to Paragraph 21 of the Complaint, Defendant denies.

18  22.   As to Paragraph 22 of the Complaint, Defendant denies that the Court should grant
19 the relief requested.

20  23.   As to Paragraph 23 of the Complaint, Defendant denies that the Court should grant
21 the relief requested.

22 <center>ANSWERING THE THIRD CLAIM FOR RELIEF</center>

23 <center>(Avoid Transfer – Violation of 11 U.S.C. § 362(a))</center>

24  24.   As to Paragraph 24 of the Complaint, the paragraph does not contain any
25 allegations for which an answer is necessary, and as such, the Defendant hereby incorporates the
26 aforementioned responses and otherwise denies the same.

27  25.   As to Paragraph 25 of the Complaint, Defendant admits.

28  26.   As to Paragraph 26 of the Complaint, Defendant admits Debt Acquisition Company

1  of America V, LLC assigned the judgment to Platinum, but denies the rest.

2      27.    As to Paragraph 27 of the Complaint, Defendant admits.

3      28.    As to Paragraph 28 of the Complaint, Defendant denies.

4      29.    As to Paragraph 29 of the Complaint, Defendant admits that it recorded the
5  judgment in Lee County, Florida, but denies the same.

6      30.    As to Paragraph 30 of the Complaint, Defendant denies.

7  <u>ANSWERING THE FOURTH CLAIM FOR RELIEF</u>

8  (Avoidance of Post-Petition Transfer – 11 U.S.C. § 549)

9      31.    As to Paragraph 31 of the Complaint, question of law, the paragraph does not
10 contain any allegations for which an answer is necessary, and as such, the Defendant hereby
11 incorporates the aforementioned responses and otherwise denies the same.

12     32.    As to Paragraph 32 of the Complaint, Defendant denies.

13 **<u>AFFIRMATIVE DEFENSES</u>**

14 For affirmative defenses, the Defendant alleges as follows:

15 <u>First Affirmative Defense</u>

16 Plaintiff is barred from any relief on the Complaint because the whole Complaint, and each
17 and every cause of action set forth therein, fails to state facts sufficient to constitute a claim for
18 which relief may be granted.

19 <u>Second Affirmative Defense</u>

20 Plaintiff is barred from any relief on the Complaint because Defendant is entitled to set-
21 offs for all damages and relief claimed.

22 <u>Third Affirmative Defense</u>

23 Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors,
24 is barred from any relief on the Complaint by reason of estoppel.

25 <u>Fourth Affirmative Defense</u>

26 Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors,
27 is barred from any relief on the Complaint because there has been a failure of consideration.

28

### Fifth Affirmative Defense

Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors, is barred from any relief on the Complaint because there has been fraud in the inducement, continued misrepresentations thereafter, inducement through negligent misrepresentation and/or mistake of fact or law, perpetrated on Defendant by Plaintiff and their agents, predecessors, or assignors.

### Sixth Affirmative Defense

Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors, is barred from any relief on the Complaint because all the contracts, agreements, and other materials on which Plaintiff relied in seeking relief are illegal, and thus void.

### Seventh Affirmative Defense

Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors, is barred from any relief on the Complaint due to laches.

### Eighth Affirmative Defense

Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors, is barred from any relief on the Complaint because of the statute of frauds.

### Ninth Affirmative Defense

Plaintiff, individually and/or by virtue of the action of its alleged predecessors or assignors, is barred from any relief on the Complaint because of the applicable statute of limitations.

### Tenth Affirmative Defense

Plaintiff is barred from any relief on the Complaint because, individually and/or by virtue of the action of its alleged predecessors or assignors, it waived all claims.

### Eleventh Affirmative Defense

Plaintiff is barred from any relief on the Complaint because the terms and conditions of the agreements references in the adversary complaint are unconscionable, contrary to public policy and void.

### Twelfth Affirmative Defense

Plaintiff is barred from any relief on the Complaint because all wrongful acts, errors or

1  omissions of the Defendant, as alleged in the Complaint, were caused and are excused by virtue of
2  Plaintiff's own conduct or the conduct of its alleged predecessors or assignors.

3                                    Thirteenth Affirmative Defense

4        Plaintiff is barred from any relief on the Complaint because Plaintiff, individually and/or
5  by virtue of the action of its alleged predecessors or assignors, is solely responsible for its own
6  damages.

7                                    Fourteenth Affirmative Defense

8        Plaintiff is barred from any relief on the Complaint because Plaintiff, individually and/or
9  by virtue of the action of its alleged predecessors or assignors, failed to mitigate its damages.

10                                   Fifteenth Affirmative Defense

11       Plaintiff is barred from any relief on the Complaint because the documents relied upon by
12 Plaintiff are void as against public policy and are illegal under the law.

13                                   Sixteenth Affirmative Defense

14       Plaintiff is barred from any relief on the Complaint because the documents relied upon
15 contain an illegal forfeiture provision which cannot be enforced.

16                                   Seventeenth Affirmative Defense

17       Plaintiff is barred from any relief on the Complaint because Plaintiff has no standing to sue
18 the Defendant.

19                                   Eighteenth Affirmative Defense

20       Plaintiff is barred from any relief on the Complaint because the Plaintiff's actions and
21 inactions, and or the action and inactions of its alleged predecessors or assignors, have constituted
22 a violation of Defendant's due process rights, as Defendant did not knowingly, intelligently and/or
23 voluntarily waive a known right.

24                                   Nineteenth Affirmative Defense

25       Plaintiff is barred from any relief on the Complaint because the actions taken by Plaintiff
26 have constituted an abuse of process and malicious prosecution.

27                                   Twentieth Affirmative Defense

28       Plaintiff is barred from any relief on the Complaint because Plaintiff comes to this Court

with unclean hands.

<center>Twenty-First Affirmative Defense</center>

Plaintiff is barred from any relief on the Complaint because Plaintiff comes to this Court in pari dilecto with co-conspirators, agents, alter egos, and others inequitably to do harm to Defendant.

<center>Twenty-Third Affirmative Defense</center>

Plaintiff is barred from any relief on the Complaint because a transfer of the Property to the estate would result in a fraudulent transfer of the property for the purpose of avoiding judgment obtained by answering Defendant against Compass USA SPE, LLC.

<center>Twenty-Third Affirmative Defense</center>

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend this answer to specifically assert any such defenses.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

<center>Twenty-Fourth Affirmative Defense</center>

This pleading is filed at the inception of the litigation and the Defendant expressly reserves the right to supplement, amend, and or modify this answer to include additional affirmative defenses, cross-claims, counterclaims, or otherwise, should they become known, whether legal equitable statutory or based in good faith on any other theory or legally cognizable rights.

<center>**PRAYER FOR RELIEF**</center>

WHEREFORE, the Defendant prays for the following relief:

1. Plaintiff takes nothing by the virtue of its Complaint;
2. Plaintiff's Complaint will be dismissed with prejudice;
3. Defendant's effort to foreclose on any judgment liens or liens on the Property be permitted;
4. Defendant's first position in the property be recognized; and

1   5. For any other relief the Court deems proper.

2   DATED this 22nd day of November, 2013

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: _____*/s/ Royi Moas, Esq.*_____
ROYI MOAS, ESQ.
Nevada Bar No. 10686
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
rmoas@wrslawyers.com
(702) 341-5200/Fax: (702) 341-5300
*Attorneys for Platinum Financial Trust, LLC*

**CERTIFICATE OF SERVICE**

On November 22, 2013, I served the foregoing documents described as **ANSWER TO COMPLAINT FOR CONSTRUCTIVE TRUST; FOR TURNOVER; TO AVOID OR VOID TRANSFER** on the following individuals by:

■   VIA ECF FILING: by electronically mailing to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

> TRUSTEE
> WILLIAM A. LEONARD, JR
> dabbieri@sullivanhill.com
>
> James P. Hill
> Jonathan S. Dabbieri
> Elizabeth E. Stephens
> SULLIVAN, HILL, LEWIN, REZ & ENGEL
> A Professional Law Corporation
> dabbieri@sullivanhill.com

and by:

■   MAIL: by placing a true copy(ies) thereof in a sealed envelope(s) in the outgoing mail tray located in my office for deposit in the United States mail, with postage fully prepaid, addressed as shown below. I am readily familiar with the business practice at my place of business for collection and processing of outgoing mail with the U.S. Postal Service that same day in the ordinary course of business.

> COMPASS USA SPE, LLC
> C/O LAXALT & NOMURA, LTD
> 9600 GATEWAY DRIVE
> RENO, NV 89521
> PRO SE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Michael J. Hannon*

Michael J. Hannon, An employee of WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
JOHN SAMBERG, ESQ.
Nevada Bar No. 10828
ROYI MOAS, ESQ.
Nevada Bar No. 10686
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
jsamberg@wrslawyers.com
rmoas@wrslawyers.com
 (702) 341-5200/Fax: (702) 341-5300

*Attorneys for Platinum Financial Trust, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>       Debtor.<br><br>Affects:<br><br>   ■All Debtors<br><br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>       Plaintiff,<br><br>   v.<br><br>COMPASS USA SPE, LLC, a Delaware Limited Liability Company; PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company<br><br>       Defendants. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>**ADV. CASE NO. 13-01196-rcj**<br><br>**CERTIFICATE REQUIRED BY LR 5004**<br><br>Ctrm:   RCJ - Courtroom 6<br>          Bruce R. Thompson Federal Building<br>          400 S. Virginia Street<br>          Reno, NV 89501<br><br>Judge: Hon. Robert C. Jones |

The undersigned, counsel of record for PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company, certifies that the following have an interest in the outcome of this adversary proceeding:"

    Todd Hansen --  Greenwood, IN

    Glen Shake – Greenwood, IN

1  These representations are made to enable judges of the court to evaluate possible recusal.
2  There are no other known interested parties other than those participating in the adversary
3  proceeding.

4  Attorney of Record for PLATINUM FINANCIAL TRUST, LLC .

5  DATED this 22nd day of November, 2013

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: _____/s/ Royi Moas, Esq._____
ROYI MOAS, ESQ.
Nevada Bar No. 10686
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
rmoas@wrslawyers.com
(702) 341-5200/Fax: (702) 341-5300
*Attorneys for Platinum Financial Trust, LLC*

**CERTIFICATE OF SERVICE**

On November 22, 2013, I served the foregoing documents described as **ANSWER TO COMPLAINT FOR CONSTRUCTIVE TRUST; FOR TURNOVER; TO AVOID OR VOID TRANSFER** on the following individuals by:

■ VIA ECF FILING: by electronically mailing to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

TRUSTEE
WILLIAM A. LEONARD, JR
dabbieri@sullivanhill.com

James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
dabbieri@sullivanhill.com

and by:

■ MAIL: by placing a true copy(ies) thereof in a sealed envelope(s) in the outgoing mail tray located in my office for deposit in the United States mail, with postage fully prepaid, addressed as shown below. I am readily familiar with the business practice at my place of business for collection and processing of outgoing mail with the U.S. Postal Service that same day in the ordinary course of business.

COMPASS USA SPE, LLC
C/O LAXALT & NOMURA, LTD
9600 GATEWAY DRIVE
RENO, NV 89521
PRO SE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Michael J. Hannon*

Michael J. Hannon, An employee of WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

|   |   |
|---|---|
| 1 | **WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP** |
| 2 | JOHN SAMBERG, ESQ. |
| 3 | Nevada Bar No. 10828 |
|   | ROYI MOAS, ESQ. |
| 4 | Nevada Bar No. 10686 |
|   | 3556 E. Russell Road, Second Floor |
| 5 | Las Vegas, Nevada 89120 |
|   | jsamberg@wrslawyers.com |
| 6 | rmoas@wrslawyers.com |
| 7 | (702) 341-5200/Fax: (702) 341-5300 |
| 8 | *Attorneys for Platinum Financial Trust, LLC* |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re | CASE NO. BK-S-09-32824-RCJ (Lead Case) |
|---|---|
| ASSET RESOLUTION, LLC, | Jointly Administered with Case Nos.: BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |
| Debtor. | |
| Affects: | |
| ■All Debtors | |
| WILLIAM A. LEONARD, JR., Chapter 7 Trustee, | Chapter 7 |
| Plaintiff, | **ADV. CASE NO. 13-01196-rcj** |
| v. | **PLATINUM FINANCIAL TRUST, LLC'S CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 7007.1** |
| COMPASS USA SPE, LLC, a Delaware Limited Liability Company; PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company | Ctrm:   RCJ - Courtroom 6 |
|  |            Bruce R. Thompson Federal Building |
|  |            400 S. Virginia Street |
|  |            Reno, NV 89501 |
| Defendants. | Judge: Hon. Robert C. Jones |

PLEASE TAKE NOTICE, PLATINUM FINANCIAL TRUST, LLC; an Indiana Limited Liability Company, by and through its counsel of record, WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP hereby provides its disclosure statement pursuant to Rule 7007.1, and states as follows:

CORPORATE OWNERSHIP STATMENT

The disclosing party is not directly or indirectly owned by any corporation and there are no such entities identified in subdivision (a) or Rule 7007.1.

Attorney of Record for PLATINUM FINANCIAL TRUST, LLC .

DATED this 22nd day of November, 2013

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By:  */s/ Royi Moas, Esq.*
ROYI MOAS, ESQ.
Nevada Bar No. 10686
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
rmoas@wrslawyers.com
(702) 341-5200/Fax: (702) 341-5300
*Attorneys for Platinum Financial Trust, LLC*

# CERTIFICATE OF SERVICE

On November 22, 2013, I served the foregoing documents described as **PLATINUM FINANCIAL TRUST, LLC'S CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 7007.1** on the following individuals by:

■ VIA ECF FILING: by electronically mailing to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

TRUSTEE
WILLIAM A. LEONARD, JR
dabbieri@sullivanhill.com

James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
dabbieri@sullivanhill.com

and by:

■ MAIL: by placing a true copy(ies) thereof in a sealed envelope(s) in the outgoing mail tray located in my office for deposit in the United States mail, with postage fully prepaid, addressed as shown below. I am readily familiar with the business practice at my place of business for collection and processing of outgoing mail with the U.S. Postal Service that same day in the ordinary course of business.

COMPASS USA SPE, LLC
C/O LAXALT & NOMURA, LTD
9600 GATEWAY DRIVE
RENO, NV 89521
PRO SE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Michael J. Hannon*

Michael J. Hannon, An employee of WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP